UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-248(1)(DWF/JJK)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KELLY LOUISE JAEDIKE,

      Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and Kelly Louise Jaedike (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   Charges. The defendant agrees to plead guilty to both Count 1 of the Indictment, which charges the defendant with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and Count 2 of the Indictment, which charges her with attempt to evade and defeat tax, in violation of 26 U.S.C. § 7201. The United States agrees to move to dismiss Counts 3-10 at the time of sentencing.

2.   Factual Basis.

    a.   From at least in or about 2006 through in or about 2012, in the State and District of Minnesota, the defendant knowingly and unlawfully conspired with other persons, including David Ahern and others, to defraud the United States by

1

SCANNED
MAY 1 8 2016
U.S. DISTRICT COURT ST. PAUL

deceitful and dishonest means, specifically by impairing and impeding the lawful functions of the Internal Revenue Service, an agency of the United States, in the ascertainment, computation, assessment and collection of federal taxes.

b. Specifically, the defendant, with the assistance of David Ahern, and others knowingly, intentionally and willfully, and in the course of jointly operating The Melting Pot restaurant in Minneapolis, Minnesota:

(1) failed to pay over to the Internal Revenue Service ("IRS") all employment taxes withheld from their employees' paychecks despite being a responsible party, as set forth accurately in Government's Exhibits 70 (New Grange Unpaid Employment Taxes);

(2) failed to provide the IRS timely reports of all employment tax obligations incurred by the same restaurant and/or withheld from the restaurant employees despite being a responsible party; and

(3) concealed her income and assets from the IRS through the extensive use of a nominee entity and nominee individuals to avoid paying the substantial tax obligation set forth in Government Exhibit 1 (Trust Fund Recovery Penalty);

all to prevent the IRS from identifying and collecting the U.S. employment taxes that were owed by the restaurant they owned and operated and, in some instances, were personally assessed to Kelly Jaedike.

c. The total tax loss is at least $860,000.

d. The facts underlying this offense are further contained within

Government Exhibits identified above and below, among others:

12 (MN SOC Incorporation Documents for New Grange),

101 (New Grange Associated Bank signature cards),

102 (New Grange Bremer Bank Signature cards),

69 (2007 and 2008 IRS Form 1120S for New Grange),

155 (Offer in Compromise for Trust Fund Recovery Penalty),

108 (Uniform Residential Loan Application – Sweetwater),

61 (LarsonAllen Memo Re: Kelly Jaedike 2007 Individual Tax File),

76 (2007 IRS Form 1040, Kelly Jaedike, married filing separately),

78 (2009 IRS Form 1040, Kelly Jaedike, married filing jointly),

79 (2010 IRS Form 1040, Kelly Jaedike, married filing jointly),

80 (2011 IRS Form 1040, Kelly Jaedike, married filing jointly),

126 (Wells Fargo Account Application for Brian Jaedike, x7050),

127 (Summary of New Grange Funds to/from x7050),

74 (Summary of New Grange Ordinary Business Income),

111 (Summary of Select New Grange Payments OBO Kelly Jaedike), et. al (2007-2011),

143 (Summary of Select Personal Payments Made Through New Grange), and

48 (Email from Kelly Jaedike to Laurie Turner and David Ahern, 11/14/2009).

3. <u>Statutory Penalties.</u> The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of 5 years imprisonment;

    b. a maximum supervised release term of 3 years;

    c. a fine of up to $250,000 or twice the gross gain or loss;

    d. a mandatory special assessment of $100;

    e. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

The parties further agree that Count 2 of the Indictment carries statutory penalties of:

    a. a maximum of 5 years imprisonment;

    b. a maximum supervised release term of 3 years;

    c. a fine of up to $100,000 or twice the gross gain or loss;

    d. a mandatory special assessment of $100;

    e. assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

4. <u>Revocation of Supervised Release.</u> The defendant understands that if defendant were to violate any condition of supervised release, defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. <u>Guideline Calculations.</u> The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to

4

the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a. <u>Grouping</u>: Pursuant to U.S.S.G. §§3D1.2 and 3D1.3, these two counts are considered "a Group of Closely Related Counts" such that the higher of the two applicable guideline ranges applies. That guideline range is calculated below.

b. <u>Base Offense Level.</u> The parties agree that the base offense level attempt to evade or defeat tax is <u>20</u> because the tax loss is greater than $550,000 but less than $1,000,000. (U.S.S.G. §§ 2T1.1(a)(1), 2T1.9(a)(1), and 2T4.1(H)).

c. <u>Specific Offense Characteristics and Chapter 3 Adjustments.</u> The parties agree that the offense level should be increased by <u>2</u> levels because the offense involved sophisticated means. (U.S.S.G. § 2T1.1(b)(2)). In addition, each party may argue that other Chapter 3 adjustments (such as those for a defendant's role in the offense and/or obstruction) apply or do not apply, meaning there is no agreement regarding other Chapter 3 adjustments aside from that set forth below for Acceptance of Responsibility.

d. <u>Acceptance of Responsibility.</u> The parties agree that the defendant shall receive only a <u>2</u>-level reduction for acceptance of responsibility. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1).

e. <u>Criminal History Category.</u> Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by

5

the parties at the time of sentencing.

  f. Guideline Range. The defendant understands that her adjusted offense level will be at least 20 and possibly more if other Chapter 3 adjustments apply. Therefore, the minimum guideline range, assuming a criminal history category of I, will be 33 to 41 months imprisonment.

  g. Fine Range. If the adjusted offense level is at least 20, the minimum fine range is $15,000 to $150,000 or twice gain or loss, whichever is higher. (U.S.S.G. § 5E1.2(c)(3)).

  g. Supervised Release. The Sentencing Guidelines require a term of supervised release of one year. (U.S.S.G. § 5D1.2(a)(3)).

  h. Sentencing Recommendation and Departures. The parties reserve the right to make motions for departures or variances from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

6. Discretion of the Court. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

7. Special Assessment. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is

6

convicted for a total of $200. (U.S.S.G. § 5E1.3). The defendant agrees to pay the special assessment prior to sentencing.

8. <u>Restitution to the Internal Revenue Service.</u> As a result of the defendant's fraudulent conduct, the parties agree that the Court should include an order of restitution to the Internal Revenue Service (IRS) in its final judgment. Specifically, the defendant agrees that this restitution order, as to the Trust Fund Recovery Penalty for unpaid employment taxes under Slainte, should require payment of $279,362.60 and, as to the unpaid employment taxes for New Grange, should require payment of an additional $166,579.05. If, prior to sentencing, the parties determine that there are payments to be subtracted from these amounts or there is interest to be added to these amounts, those adjustments shall be made and a restitution order consistent with those adjustments should be entered. Nothing in this agreement has any effect on the defendant's liability for other taxes – federal, state or local – not identified herein.

9. <u>Waivers of Appeal.</u> The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal defendant's sentence, unless the sentence exceeds the sentencing guideline range ultimately determined by the Court. The United States hereby waives all rights to appeal the defendant's sentence, unless that sentence is lower than the sentencing guideline range ultimately determined by the Court. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived,

and the defendant waives these rights knowingly, intelligently, and voluntarily.

10. FOIA Requests. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11. Complete Agreement. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Date: 5/16/2016

ANDREW M. LUGER
United States Attorney

BY: TRACY PERZEL
Assistant U.S. Attorney
Attorney no. 0296326

Date: 5/16/2016

KELLY LOUISE JAEDIKE
Defendant

Date: 5/16/2016

KASSIUS O. BENSON, Esq.
Counsel for Defendant